UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

FREDDIE HARRIS,

                     Petitioner,

     -against-

POOLE, SUPT., Superintendent,

                     Respondent.

----------------------------------X

**MEMORANDUM & ORDER**
04-CV-4581(ERK)

Korman, Ch. J.

The petition for a writ of habeas corpus, the relevant portion of which is contained in nineteen difficult to follow handwritten pages, appears to repeat the same grounds for relief that petitioner relied upon in his application to vacate the judgment of conviction pursuant to N.Y.Crim.P § 440.10. Specifically, petitioner claimed that information that the prosecutor attested to in her request for the court to order a blood sample from defendant was false, that the prosecutor improperly attempted to introduce uncertified copies of the serology reports, and that the prosecution's witnesses fabricated the paperwork demonstrating that the DNA profile extracted from the semen recovered from the victim's vaginal slides and underwear matched defendant's DNA profile.

The motion was denied in a written order dated March 31, 2004 from which petitioner did not appeal — reason enough to hold that these claims are procedurally forfeited. They are also without merit.

    1.    The defendant claims that the information that the prosecutor attested to in

her request for a court ordered blood sample was false. This issue was raised on appeal and rejected by the Appellate Division. The leave application to the Court of Appeals did not seek review of this issue. This precludes habeas corpus relief. Moreover, even if petitioner's claim is factually correct, he would not be entitled any relief here because the only constitutional right that was possibly violated was the Fourth Amendment, see <u>Schmerber v. California</u>, 384 U.S. 757 (1966) and such violations are not generally cognizable in a habeas corpus proceeding. <u>Stone v. Powell</u>, 428 U.S. 465 (1976).

2. Petitioner's claim that the prosecutor improperly attempted to introduce uncertified copies of the serology reports, likewise fails to provide a basis for relief because the effort failed and the copies that were introduced were certified.

3. Petitioner's claims relating to the alleged fabrication of paperwork relating to the extraction of semen recovered from the victim's vaginal slides is fully addressed at pp. 5-7 of the Memorandum of Law filed by the District Attorney and the opinion of Justice Reichbach denying petitioner's § 441.10 motion — a copy of which is annexed hereto. I reject petitioner's arguments for the reasons stated in the foregoing documents.

### Conclusion

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED:**

Brooklyn, New York
May 3, 2005

Edward R. Korman
United States Chief District Judge

2

Harris v. Poole
CV-04-4581 (ERK)
Resp. Ex. G.
7844

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 27

-----------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

        -against-

FREDDIE HARRIS,

        Defendant

-----------------------------------------x

Indictment No.: 1006/99

By: Hon. G. Reichbach

March 31, 2004

The defendant has moved pursuant to C.P.L. §440.10 to vacate his judgment of conviction for Rape in the First Degree (P.L. §130.35(1)) entered on January 18, 2000 after a bench trial. On March 9, 2000, the defendant was sentenced as a second felony offender to a determinate sentence of 13⅓ years. In his motion, he alleges that the prosecutor used fraud, false statements and "physical duress" to secure his conviction, that she introduced material evidence that she knew at the time of trial was false, and that there is newly discovered evidence in this case.

On March 25, 2002, the Appellate Division affirmed defendant's conviction in *People v. Harris*, 292 A.D.2d 633 (2nd Dept. 2002) and rejected the claims raised by the defendant in his supplemental *pro se* brief, finding the claims to be without merit including the assertion that the prosecutor knowingly presented false evidence at trial. The Court of Appeals denied the defendant permission to appeal from the Order of the Appellate Division in June 2002 in *People v. Harris*, 98 NY 2d 676 (2002).

Here, defendant argues that the affirmation submitted in support of the prosecutor's motion to compel a blood sample from the defendant contained false and inaccurate information, that the prosecutor improperly attempted to introduce an uncertified copy of the serologist's report into evidence, and that the serologist fabricated the paperwork which established that the DNA profile obtained from the semen recovered from the victim matched the defendant's DNA profile. In his direct appeal, the defendant argued that he was convicted due to "false and misleading arguments made by the prosecutor, the doctor and the serologist, together with uncertified documents and false statements".

Defendant's motion based upon the claim that the prosecutor knowingly presented false evidence at trial must be denied pursuant to C.P.L. §440.10 (2)(a), since this issue was previously determined on the merits upon an appeal from the judgment.

Defendant's claim of newly discovered evidence refers to a response the defendant received from the Medical Examiner's Office regarding a handwritten FOIL request the defendant submitted to obtain serology reports. The FOIL Officer misread the defendant's request and therefore found that there were no reports generated by the Medical Examiner's office under that case number. *(See* exhibit C of defendant's motion which is a letter dated March 16, 2001 from the Office of Chief Medical Examiner that lists a different case number under which a search was done than the one requested by the defendant). Defendant can not successfully premise an argument that the reports were fabricated for trial based upon a clerical error and claim this is newly discovered evidence. *People v. Salemi*, 309 NY 208. Defendant is advised that he may re-file his FOIL request, drawing attention to the correct case number.

While most of defendant's allegations are based on the argument that medical and DNA records were fabricated in this case to obtain his conviction, it should be noted that because the defendant represented himself *pro se* at trial, this Court appointed a DNA expert to conduct his own tests for the defense, however, the defendant opted not to call his expert at the trial.

There is no factual basis to suggest that the serologist report was fabricated. Therefore, defendant's motion is denied in its entirety pursuant to C.P.L. §§440.30 (4)(d) and 440.10 (2)(a).

This constitutes the decision and order of the Court.

HON. GUSTIN L. REICHBACH
N.Y.S. SUPREME COURT

Gustin L. Reichbach
J.S.C.

ENTERED

APR - 2 2004

WILBUR A. LEVIN
COUNTY CLERK